In this case, plaintiffs, various riparian landowners, seek damages for an alleged taking of their lands. Specifically, plaintiffs maintain that the construction and operation of "high-lift” dams on the Ohio River by defendant has caused flooding and erosion of plaintiffs’ lands, thereby constituting a taking of their lands. Defendant has moved to dismiss plaintiffs’ petition on the grounds that the claim is barred by res judicata or collateral estoppel or, alternatively, the court lacks jurisdiction to hear plaintiffs’ claim as the statute of limitations, 28 U.S.C. §2401, has run. We agree with defendant that plaintiffs’ claim is barred by res judicata or collateral estoppel and, therefore, need not address the jurisdictional issue.
In the instant case, there is no dispute that plaintiffs’ properties have been subject to erosion, the sole fact issue concerns whether the occurrence of flooding and erosion is attributable to the construction and operation of the dams or to some other cause. This same factual issue involving identical plaintiffs and properties was addressed by this court in Loesch v. United States, 227 Ct.Cl. 34, 645 F.2d 905, cert. denied, 454 U.S. 1099 (1981). Plaintiff does not attempt to assert any entitlement under Rule 152(b) to relief from the judgment in that case, but merely avers it was wrongly decided.
In Loesch, we held that "plaintiffs [had failed to meet their] burden of proving, by a preponderence of the evidence, that the construction and operation of ["high-lift”] dams * * * [on the Ohio River] were the direct and proximate cause of the erosion damages suffered by [plaintiffs] on their riparian banks.” Id. at 53, 655 F.2d at 920. We found the more probable cause was flood conditions unrelated to the dams, because in flood periods the dams are open and exercise no control over the flow of river water. The only difference between the Loesch case and the instant case is Loesch involved the erosion that occurred from early *777 1972 until February 3,1978. In the instant case, the erosion occurred between February 3, 1978, and April 27, 1981, the date the petition was filed. This difference is irrelevant, however. Plaintiffs still assert that the erosion is directly caused by the construction and operation of the same dams. Their brief shows that they expect to show the former decision was erroneous. Moreover, all other facts are the same. The court has previously adjudicated the claim and plaintiffs are precluded from asserting the same grievance again. Oglethorpe Co. v. United States, 214 Ct.Cl. 551, 557, 558 F.2d 590, 594 (1977). If the claim is deemed on a "different cause or demand” because the occurrences of erosion are different from those sued on previously, the conclusion is the same except that the case comes under the rubric of collateral estoppel. The issue plaintiffs would litigate is one which not only could have been, but actually was, tried and decided in the former case. Commissioner v. Sunnen, 333 U.S. 591, 593 (1948).
Accordingly, on consideration of the record and the parties’ submissions, and without oral argument, defendant’s motion is granted and the petition dismissed.